# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| SALVADOR PEREZ on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CHASE HOME FINANCE, LLC a Delaware Company; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. CV 11-02575 VBF (JEMx)<br>CLASS ACTION<br>Hon. Valerie Baker Fairbank<br><br>***DISCOVERY MATTER***<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Complaint Filed:   February 22, 2011 |

THIS MATTER, having come before the Court on the parties' agreement for a Protective Order governing the treatment and disclosure of confidential information disclosed during discovery in this matter, and it appearing to the Court that:

A.   The parties are engaged in discovery that has included and will include the production of documents, the answering of interrogatories, and the taking of depositions;

B. Plaintiff Salvador Perez has propounded discovery that seeks the production of confidential documents and/or the disclosure of confidential information which is maintained by Defendant JPMorgan Chase Bank, N.A., successor to Chase Home Finance LLC; and

C. The parties want to allow discovery to proceed without the delay occasioned by disputes regarding the disclosure and use of confidential information.

IT IS HEREBY ORDERED, that this protective order is entered pursuant to Rule 26(c) of the Federal Rules of Civil Procedure as follows:

1. This Protective Order ("Order") shall govern the designation and handling of confidential documents and information produced in this action by any party, non-party person, or entity.

2. Any person or entity (including non-parties) who is required to produce documents or disclose information in discovery in this case (the "Producing Person") may designate as "confidential" material that the producing person believes, in good faith, contains trade secret or confidential research, development or commercial information, or information subject to a legally protected right to privacy ("Confidential Information"). The designating party bears the burden of establishing that the documents designated are entitled to protection.

3. Designation of Confidential Information shall be made at or prior to the time of production of documents by affixing to them a stamp bearing the word "confidential" in a location that makes the designation readily apparent.

4. Deposition testimony may be designated as "confidential," in whole or in part, within thirty (30) days after receipt of the written transcript. Until that time, all deposition testimony shall be treated as confidential to permit counsel for the party deposed an opportunity to designate the deposition testimony as confidential. Deposition transcripts so marked and filed with the Court shall be kept under seal. Any Confidential Information submitted or presented to or filed with the Court shall be placed under seal and not made available to persons other than the Court and persons authorized by this Order.

5. Any information that has not been reduced to documentary form may be designated as "confidential" by informing counsel for the parties in writing that it is "Confidential Information."

6. Confidential Information shall not be used for any purpose other than the defense or prosecution of this action in accordance with the provisions of this Order and shall not be discussed or disclosed to any person except as specifically authorized by this Order. All documents, information, deposition testimony or other material subject to this Order shall not be used, directly or indirectly, by any party for any business, commercial or competitive purpose whatsoever. Neither

Plaintiff, nor Plaintiff's counsel, shall use any Confidential Information in connection with any future litigation against Chase or any related entity.

7. Confidential Information shall be disclosed only to:

   a. The Court and its staff in this case and in any appeal there from;

   b. The jury in this case (if this case goes to trial);

   c. The named parties in this litigation;

   d. Counsel of record for the parties in this case;

   e. Partners, associates, secretaries, paralegals, and other such personnel employed or retained by or working under the supervision of said counsel who are actively engaged in assisting such counsel in this action;

   f. Outside consultants, technical advisors, and expert witnesses (whether designated as trial witnesses or not) employed or retained by the parties or counsel;

   g. Any other person or entity as to whom counsel for the producer or provider of the confidential information agree in writing, or whom the Court directs shall have access to such information;

   h. Any deponent or trial witness in this case; and

   i. Deposition notaries and their staff.

8. Disclosure of any Confidential Information to persons described in subparagraphs 7(f), or 7(g) of this Order shall be solely for evaluation, testing, testimony, preparation for trial and/or other services related to this litigation. Any such person shall sign a document in the form of Exhibit A attached hereto, stating that he or she has read and understands this Order and agrees to be bound by its terms.

9. This Order shall be without prejudice to the right of the parties or other persons to: (i) bring before the Court at any time the question of whether any particular document or information is confidential, or whether its use should be confidential, or (ii) present a motion to the Court for a separate protective order as to any particular document or information, including restrictions differing from those specified herein. This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

10. A party or other person objecting to the designation of Confidential Information shall provide written notice of the objection to the designating party, specifying the materials that are the subject of the objection. The parties and any other objecting person(s) shall confer in good faith in an effort to resolve the objection. If such conference does not resolve the objection, within 20 days of such conference, the person objecting to the designation may apply to the Court, by motion, for a ruling that material designated by a party as Confidential shall not be treated as confidential. The party that designated the material as Confidential shall be given notice of the motion and an opportunity to respond in accordance with the time frame set forth in the applicable rules of civil procedure. Pending determination by the Court, material designated by a party as Confidential shall be treated as provided in this Order.

11. In the event of a disclosure of Confidential Information to a person not authorized to have had such disclosure made to him or her under the provisions of

this Order, the party responsible for having made such disclosure shall immediately procure the return of the material, and inform counsel for the designating party whose Confidential Information has thus been disclosed of all relevant information concerning the nature and circumstances of such disclosure. The responsible party shall also take all reasonable measures promptly to ensure that no further or greater unauthorized disclosure of the Confidential Information occurs.

12. The inadvertent production of any privileged or attorney work product documents shall be without prejudice to any claims that the document is privileged, and shall constitute neither a waiver of any privilege that may otherwise attach thereto nor a general waiver of such privilege. Upon demand of the producing party, all copies of any inadvertently produced document shall be returned forthwith, and such documents shall not be introduced into evidence, or subject to production, in this or any other proceeding without the consent of the producing party.

13. If any party or third party seeks to file or lodge with the Court any documents or things that contain designated confidential information, such materials shall be submitted to the Court in accordance with the procedures set forth in C.D. Cal. Local Rule 79-5.1 for filing documents under seal. Where one party or third party wishes to file or lodge any documents or things with the Court under seal, the other party or parties shall not unreasonably withhold agreement to such filing or lodging under seal. If such agreement is provided, the parties shall submit

to the Court a stipulation and proposed order for such filing or lodging under seal. If no such agreement is provided, then the filing or lodging party or third party shall submit an application and proposed order to the Court pursuant to C.D. Cal. Local Rule 79-5.1.

14. Within sixty (60) days after the final disposition of all claims and defenses, by settlement or expiration of time to appeal, all Confidential Information must be returned to the Producing Party or, at the option of the Producing Party destroyed, at the Producing Party's expense.

15. Nothing in this Order shall prevent any party from objecting to discovery that it believes is improper.

16. The terms of this Order shall be binding on the parties and their attorneys.

IT IS HEREBY ORDERED that the Protective Order is GRANTED.

DATED: June 14, 2011

*/s/John E. McDermott*
Hon. John E. McDermott
United States Magistrate Judge

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| SALVADOR PEREZ on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CHASE HOME FINANCE, LLC a Delaware Company; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. CV 11-02575 VBF (JEMx)<br>CLASS ACTION<br>Hon. Valerie Baker Fairbank<br><br>**STIPULATED**<br><br>**PROTECTIVE ORDER**<br><br>Complaint Filed: February 22, 2011 |

## AGREEMENT CONCERNING MATERIAL COVERED BY THE AGREED PROTECTIVE ORDER

The undersigned hereby acknowledges that he/she has read the Agreed Protective Order entered in this action by the U.S. District Court for the Central District of California, which is attached hereto, he/she understands the terms thereof, and agrees to be bound by its terms.

By: _____

Dated: _____