UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   JS - 6

| Case No. | CV 11-02575-RGK (JEMx) | Date | December 7, 2011 |
|---|---|---|---|
| Title | *SALVADOR PEREZ v. CHASE HOME FINANCE, LLC* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams | | Not Reported |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**    (IN CHAMBERS) Order Remanding Action to State Court

   On February 22, 2011, Salvador Perez ("Plaintiffs") filed a class action against Chase Home Finance, LLC ("Defendants). In his Complaint, Plaintiff asserts state claims relating to late fees assessed by Defendant on timely payments made on consumer home loans.

   On March 28, 2011, Defendant removed the action to this Court alleging federal diversity jurisdiction under the Class Action Fairness Act ("CAFA"). Upon review of Defendant's Notice of Removal and supporting documents, the Court hereby remands the action for lack of subject matter jurisdiction.

   Pursuant to 28 U.S.C. § 1332(d)(2), district courts shall have original jurisdiction over any civil action in which (1) any member of the class of plaintiffs is a citizen of a state different from any defendant; and (2) the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. After a plaintiff files a case in state court, the defendant attempting to remove the case to federal court bears the burden of proving the amount in controversy requirement has been met. *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007). If the complaint does not allege the amount in controversy, the removing defendant must supply this jurisdictional fact in the Notice of Removal. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-567 (9th Cir. 1992).

   Plaintiff's Complaint does not allege the amount in controversy. In its Notice of Removal, Defendant attempts to supply the requisite jurisdictional facts by introducing evidence regarding the total amount of late fees collected from borrowers within the pertinent time frames. However, Plaintiff's allegations specifically identify Defendant's unlawful acts as:

> [I]nstead of applying payments made within 10 days of a scheduled installment to that scheduled installment, [Defendant applies] such payments to earlier past due installments, for which the borrower has already been assessed a late fee, and then also assess[es] yet another late fee for the scheduled installment that was just paid,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS - 6

| Case No. | CV 11-02575-RGK (JEMx) | Date | December 7, 2011 |
|---|---|---|---|
| Title | *SALVADOR PEREZ v. CHASE HOME FINANCE, LLC* | | |

thereby generating improper and excessive late charges. (Compl. at ¶ 3.) Therefore, the evidence is insufficient, as Defendant fails to identify the dollar amount specifically attributable to the practice of which Plaintiff complains. Rather, the evidence reflects a range of fee assessments that likely extend beyond the amount of late fees collected on payments that were made within 10 days prior to the date an installment was due. Therefore, the Court finds that Defendant has failed to satisfy its burden of proof as to amount in controversy.

In light of the foregoing, the Court hereby **remands** the action to state court for all further proceedings.

**IT IS SO ORDERED.**

00 : 00

Initials of Preparer   vdr